The petition and affidavit filed, embracing the specifications, stated that one Thomas Jamison, as administrator of one John Barnhill, filed his petition in the County Court of that county, at May Term 1832, against the children and heirs at law of Barnhill, alleging that he had paid large sums out of his own funds, for the estate of his intestate, beyond the amount of assets that had come to his hands, and praying that the real estate of the said Barnhill might be sold to re-imburse him in such amount. Whereupon, the Court appointed "Isaac Alexander, Clerk of the Court, guardian pendentelite of the heirs of John Barnhill," who were all then infants, and the entry of such appointment was made in the case, in those words; that the cause was referred to the clerk, who reported a balance due the petitioner, which report was confirmed, and a judgment was entered for eighty-five dollars, for which an execution issued, and levied on a tract of land which descended to the heirs above mentioned; that Jamison bid off the land, and sold it to this petitioner, who has had the occupation of it for eight years, and has made valuable improvements on it; that, in consequence of the defect in the record of appointment of the guardian to the infant defendants, in not naming them, he is advised that the title to his land is defective, and that he may suffer great wrong and inconvenience, and he prays that the record may be amended *Page 558 
in that particular, nunc pro tunc. There was no answer or formal plea to the petition. The case sent to this Court states that there was no evidence offered of the facts alleged in the petition, and no proof that the defendants were the heirs of Barnhill, nor any proof that the plaintiff was a purchaser from Jamison.
The defendants contended that the record could not be corrected, without full proof of all the facts alleged, and that it could only be corrected at the instance of Jamison or his heirs.
But his Honor being of opinion with the plaintiff, affirmed the decision of the County Court, allowing the record to be amended, as prayed for in the petition, from which judgment the defendants prayed an appeal to this Court.
Our jurisdiction in regard to amendments in the Court below, is confined to the question of power; with its discretion in the exercise of that power, supposing the Court below to have it, we have no concern. PHILLIPSE v. HIGDON, Bus. 380. Upon the allegations set out in the affidavit of the petitioner, and because the defendants did not deny, nor take issue thereupon, the amendment was allowed to be made in the Court below. The amendment to be made was in the process after the determination of the suit, not so as to change it in substance, but merely to make it more full by setting out the names of the heirs, the sci. fa. having issued against the heirs of John Barnhill, without naming them. There is no question as to the power of the Court to allow this amendment, being a formal one merely, and with the exercise of discretion, we have no concern.
Judgment affirmed. *Page 559